IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 15-cv-00325-CBS

CHRISTOPHER ROLLER,
        Plaintiff,
v.

MAGEE DENTAL,
        Defendant.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

---

This civil action comes before the court regarding Plaintiff, Mr. Roller's, failure to timely serve the summons and complaint on Defendant, failure to respond to the court's Order to Show Cause dated June 29, 2015, and failure to prosecute.  The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

Proceeding in his *pro se* capacity, Mr. Roller commenced this action on February 17, 2015, alleging "fraud, murder, conspiracy to commit murder, medical malpractice" and seeking damages in the amount of "$1 trillion."  (See Complaint (Doc. # 1)).  This case was directly assigned to Magistrate Judge Craig B. Shaffer pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges.  The Clerk of the Court issued a summons on February 17, 2015.  (*See* Doc. # 3).

On June 29, 2015, the court issued an order directing Mr. Roller to show cause in writing on or before July 15, 2015 why this civil action should not be dismissed without prejudice for failure to file proof of timely service on Defendant and failure to prosecute.  (*See* Order to Show Cause (Doc. # 6)).  The court advised Mr. Roller that failure to timely respond to the Order to Show Cause could result in dismissal of this civil action without prejudice without further notice.

(*See id.*).

As of this date Mr. Roller has not responded to the court's Order to Show Cause.  Mr.

Roller's copy of the Order Show Cause was not returned to the court as undeliverable.  Mr.

Roller has filed nothing in this case since the filing of the Complaint on February 17, 2015.  "If

good cause is not shown within the time set in the show cause order, a district judge or a

magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without

prejudice."  D.C. COLO. LCivR 41.1.  This civil action may properly be dismissed pursuant to

D.C. COLO. LCivR 41.1 based on Mr. Roller's failure to respond to the court's Order to Show

Cause.

Sufficient time has been afforded such that this civil action may also properly be

dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m). The Federal

Rules of Civil Procedure provide:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court
> – on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  As of today's date, 167 days have passed since the filing of the Complaint

and Mr. Roller has not filed with the court any proof of service of process on the Defendant.

Defendant has not filed a signed waiver of service or appeared in the case.  Mr. Roller has not

requested or shown good cause for an extension of time to serve the Defendant.  A court

cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy*

*Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court

may exercise personal jurisdiction over a defendant, the procedural requirement of service of

summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969

F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). This civil action may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m).

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  Mr. Roller has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions.  The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Mr. Roller's claims for "fraud, murder, conspiracy to commit murder, medical malpractice."

Accordingly, IT IS ORDERED that this civil action is dismissed without prejudice for failure to timely serve the Defendant, failure to respond to the court's June 29, 2015 Order to Show Cause, and failure to prosecute this civil action.

DATED at Denver, Colorado this 3rd day of August, 2015.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge

3